UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of DENNIS HOLDREN, *Plaintiff* v. GREE USA, INC., *et al.*, *Defendants* | Cause No. 3:18-CV-349 RLM-MGG |

OPINION AND ORDER

Gree Electric Appliances, Inc. and Gree Electric Appliance Sales in Hong Kong (both foreign corporations) moved to dismiss the claims asserted against them under Fed. R. Civ. P. 12(b)(5) contending that they weren't properly served under the Hague Convention. For the following reasons, the court denies their motion.

State Farm Fire and Casualty Company, as subrogee of its insured, Dennis Holdren, filed this products liability suit after Mr. Holdren's home was damaged in a fire allegedly caused by a defective dehumidifier manufactured by Gree Electric Appliances in China, exported to the United States by Gree Electric Appliance Sales in Hong Kong, and distributed by Gree USA and MJC America, Ltd.[1] State Farm served its compliant on the defendants at the California address listed for Gree USA (a California corporation and wholly-owned subsidiary of Gree

---

[1] Gree USA was formed in conjunction with MJC America (both citizens of California) for the purpose of facilitating Gree Electric Appliances's penetration of the United States' consumer market.

Electric Appliance Sales in Hong Kong, which, in turn, is a wholly-owned subsidiary of Gree Electric Appliances in China).

Gree Electric in China and Gree Electric in Hong Kong moved to dismiss the claims asserted against them under Rule 12(b)(5), contending that State Farm's service at the California address of Gree USA didn't comply with the Hague Convention. State Farm maintains that because Gree USA was a wholly owned subsidiary of the foreign corporations, service upon their U.S. subsidiary was sufficient to denote service upon the foreign parent company.

When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred. *See* Homer v. Jones–Bey, 415 F.3d 748, 754 (7th Cir.2005); Day v. Multi–Temp, No. 08 C 5981, 2010 WL 3835886, at*1 (N.D. Ill. Sept.23, 2010). When a foreign corporation is served within a United States judicial district, service may follow the procedure outlined in Rule 4(e)(1), which governs the service of an individual. Rule 4(e)(1) makes service proper when the process "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." If a foreign corporation isn't served within a United States judicial district, the corporation must be served according to Rule 4(f). A person "may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice." Fed. R. Civ. Pro. 4(f)(1). While the court can

expand the time for service, it can't excuse the requirement of service altogether. *See* McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001). "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *Id.*

The Hague Service Convention is a multilateral treaty formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988). The Convention revised parts of the Hague Conventions on Civil Procedure of 1905 and 1954, intending to provide "a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Id.* The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. Volkswagenwerk v. Schlunk, 486 U.S. at 698-699 (citing 20 U.S.T. 362, T.I.A.S. 6638, Art. 2). China, Hong Kong, and the United States are all parties to the Hague Convention. *See* Home Casual Enter. Ltd. v. Home Casual, LLC, No. 11-CV-661-WMC, 2012 WL 13042156, at *4-*6 (W.D. Wis. Nov. 13, 2012).

Gree Electric in China and Gree Electric in Hong Kong contend that State Farm's service didn't comply with the terms of the Hague Convention, citing in support Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988). The court disagrees.

In Volkswagenwerk v. Schlunk, the plaintiff served Volkswagen of America, an Illinois corporation and wholly owned subsidiary of Volkswagen AG. Volkswagen AG, like Gree Electric in China and Gree Electric in Hong Kong, cited the Hague Convention and moved to dismiss the claim for improper service. In upholding the Illinois state court's ruling, the Supreme Court held that service on a U.S. subsidiary of a foreign corporation is proper service on the parent. 486 U.S. at 707 ("Where . . . service on a domestic agent is valid and complete under both state law and the Due Process clause, our inquiry ends and the [Hague] Convention has no further implications . . . ."). California courts have also found that the Hague Convention doesn't apply to service of a foreign defendant under California law if the complaint was served on a California subsidiary of the foreign parent. *See* Yamaha Motor Co. v. Superior Court, 174 Cal. 4th 264, 273-276 (2009).

Foreign corporations must be served "in a judicial district of the United States: (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) deems service proper "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or *where service is made*." Fed. R. Civ. P. 4(e)(1) (emphasis added).

4

Because Gree USA was served in California, Rule 4 dictates that California law controls whether service was proper. California Civil Procedure Code § 416.10(b) provides that "a summons may be served on a corporation by delivering a copy of the summons and the complaint to a . . . general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b) (West 2017).

Gree Electric in China and Hong Kong argue that unlike the scenario in Yamaha Motor Co., the individual who accepted service wasn't Gree USA's designated agent for service of process, or any of the other listed positions contemplated by § 416.10(b). But the term "general manager" has a broad interpretation under California law. *See e.g.*, Yamaha Motor Corp., 174 Cal. 4th 264 (2009); Falco v. Nissan North America Inc., 987 F. Supp. 2d 1071; Khachatryan v. Toyota Motor Sales, U.S.A., Inc., 578 F. Supp. 2d 1224 (C.D. Cal. 2008). For the purposes of § 416.10(b), a California subsidiary is considered a "general manager" of a foreign parent corporation for which the subsidiary is the parent's distributor in the country. *See* Falco v. Nissan North America Inc., 987 F. Supp. 2d at 1076-1077.

State Farm's service on Gree Electric in China and Gree Electric in Hong Kong through Gree USA was proper under both federal and state law. Accordingly, the defendants' motion to dismiss and/or quash that service [Doc. No. 18] is DENIED.

5

SO ORDERED.

ENTERED:  September 25, 2019 

          /s/ Robert L. Miller, Jr.     
Judge
United States District Court